HECKEL v. AMERICAN COUPLING CORPORATION

1. PRODUCTS LIABILITY—IMPLIED WARRANTY—DEFECT—PROXIMATE CAUSE—INSTRUCTIONS.

Instruction to jury, that plaintiff must show that there was a defect in a hose assembly when it left the manufacturing plant of the defendant and that he must also show that the defect was a proximate cause of the injury, constituted a correct and proper statement of the law with respect to liability for breach of an implied warranty of a hose and coupling used for transmission of gaseous oxygen and what plaintiff must prove to be entitled to recover under the theory of implied warranty.

2. PRODUCTS LIABILITY — IMPLIED WARRANTY — DEFECT — MANUFACTURER — CAUSAL RELATIONSHIP.

There must be a defect attributable to the manufacturer and a causal relationship between that defect and the injury complained of in order for there to be recovery on implied warranty.

3. TRIAL—INSTRUCTIONS—PROOF.

So long as an instruction to a jury correctly states what are the necessary elements of the theory which must be proved, in order to find for a party, it is not necessary for the court to catalogue or enumerate all the things which the party need not prove.

Appeal from Court of Appeals, Division 1, Lesinski, C. J., and Fitzgerald and V. J. Brennan, JJ.,

---

REFERENCES FOR POINTS IN HEADNOTES

[1, 2]  48 Am Jur, Sales §§ 810–818.

Liability of manufacturer or seller for injury caused by industrial, business, or farm machinery, tools, equipment, or materials.  78 ALR2d 594.

[3]  53 Am Jur, Trials § 626.

affirming Wayne, Horace W. Gilmore, J. Submitted March 12, 1970. (Calendar No. 28, Docket No. 52,504.) Decided September 22, 1970. Rehearing denied November 30, 1970.

16 Mich App 712 affirmed.

Complaint with counts of breach of an implied warranty and negligence by Milton E. Heckel and Susie Heckel against American Coupling Corporation for damages resulting from injuries to Milton Heckel as a result of an explosion caused by a defective hose and coupling manufactured by defendant. Insurance Company of North America intervened as a party plaintiff. Verdict and judgment for defendant. Plaintiffs appealed to the Court of Appeals. Affirmed. Plaintiffs appeal. Affirmed.

*Dann, Rosenbaum, Bloom & Kaufman* (by *John Safran*), for plaintiffs.

*Robert E. Fox,* for defendant.

DETHMERS, J. This is a products liability case.

Defendant manufactured and sold a hose and coupling to plaintiff's employer for use in the transmission of gaseous oxygen. While plaintiff was delivering a truck-load of gaseous oxygen to one of his employer's customers, the hose and coupling, through which the gas was being transmitted from the truck into the customer's receiving tank, exploded, causing plaintiff great physical injury.

In this action, brought to recover his resultant damages, plaintiff alleged in Count 1 of his complaint filed herein that defendant was liable on the ground of breach of an implied warranty in that the hose and coupling had been defective and not suitable for what defendant knew was the intended use, and,

as alleged in Count 2, that defendant had been guilty of negligence which was a proximate cause of the explosion and injuries to plaintiff.

On trial a jury returned a verdict of no cause for action. Plaintiff appealed to the Court of Appeals, which affirmed. The case is now here on leave to appeal granted.

Plaintiff's brief states the question involved here to be, "Did the lower court err in failing to charge on the theory of implied warranty?"

Plaintiff concedes that at the conclusion of the proofs and trial he had failed to prove or make out a case of defendant's negligence. He wishes to have his case rest entirely on the theory of breach of an implied warranty.

In plaintiff's first count, relying on breach of implied warranty, he alleged "that the hose and coupling were not proper or suitable for the use intended nor reasonably safe for such purpose and were not constructed in proper design, of proper material or of proper workmanship but were on the contrary of improper design, improper material and of improper workmanship, were not suitable for the transmission of gaseous oxygen under circumstances to be expected or foreseen and were in fact dangerous and unsafe for such use and were subject to explosion, the igniting of the contents of said hose and coupling;". This amounts to an allegation of defect in the product as it left defendant's place of manufacture. To this plaintiff has continued to adhere. If proved, it would establish a case of breach of implied warranty.

The court instructed the jury as follows:

"To recover, the plaintiff, Mr. Heckel, must show * * * the following things. Number one, * * * that there was a defect in the hose assembly when it left the manufacturing plant of the defendant.

"And he must also show that the defect was a proximate cause of the injury in this case. * * * "

The substance of that charge was repeated a number of times in the judge's instructions. It constitutes a correct and proper statement of the law with respect to liability for breach of implied warranty and what plaintiff must prove to be entitled to recover under that theory. *Piercefield* v. *Remington Arms Company, Inc.* (1965), 375 Mich 85; *Manzoni* v. *Detroit Coca-Cola Bottling Company* (1961), 363 Mich 235; *Rex Paper Company* v. *Reichhold Chemicals, Inc.* (W D Mich, 1966), 252 F Supp 314; *Barefield* v. *La Salle Coca-Cola Bottling Company* (1963), 370 Mich 1. As defendant says in his brief, all of these cases stand for the proposition that there must be a defect attributable to the manufacturer and a causal relationship between that defect and the injury complained of in order for there to be recovery on implied warranty.

Our answer, then, to plaintiffs' statement of questions involved is that the court did not err in failing to charge on the theory of implied warranty because it did not fail to do so, but, on the contrary, instructed as to the very substance and essence of that theory even if not expressly mentioning it by that term or attaching that name or label to it.

Finally, plaintiff complains that the trial judge did not charge the jury that in order for plaintiff to recover on the theory of implied warranty it was not necessary to prove negligence of the defendant. Plaintiff intimates that the judge's charge really gave the jury the impression that it was required of plaintiff to prove such negligence to recover for breach of implied warranty. To that, we say, in the first place, that a careful study of the entire set of instructions by the court to the jury reveals that neither directly nor by implication did the judge

tell the jury anything of the sort as to need of proof of negligence. It just simply is not in the charge. Second, it is not necessary for the court to catalogue or enumerate all the things which a plaintiff need not prove, so long as the instruction correctly states what are the necessary elements of the theory which must be proved. That the court did here, in line with the authorities above cited.

Affirmed. Costs to defendant.

T. E. Brennan, C. J., and KELLY, BLACK, ADAMS, and T. G. KAVANAGH, JJ., concurred with DETHMERS, J.

T. M. KAVANAGH, J., concurred in the result.